UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

MAXINE LEWIS-BRIGGS, as Proposed
Administrator of the Estate of JOAN WILSON,

                                        **ORDER**

              Plaintiff,                22-cv-4953(KAM)(MMH)

       - against -

CONCORD NURSING HOME, INC., d/b/a CONCORD
NURSING AND REHABILITATION CENTER, ABC
CORPORATION, ABC PARTNERSHIP,

           Defendants.

-----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

       Plaintiff Maxine Lewis-Briggs, as Proposed Administrator

of the Estate of Joan Wilson, commenced the above-captioned action

on April 13, 2022 in the Supreme Court of the State of New York,

Kings County against Defendants Concord Nursing Home, Inc., ABC

Corporation, and ABC Partnership.   (Docket No. 1-1 ("Compl.").)

Plaintiff asserts claims for negligence, negligence per se, gross

negligence, wrongful death, conscious pain and suffering, and

violations of New York Public Health Law 2801-d and 2803-c arising

from Defendants' implementation of nursing home health and safety

policies during the COVID-19 pandemic. (Compl. ¶¶ 188-283.)

       On August 22, 2022, Defendant Concord Nursing Home, Inc.

removed the action from state court to this Court pursuant to 28

U.S.C. §§ 1441, 1442(a)(1), and 1446. (Docket No. 1 ("Notice of

Removal") at 1.)

In light of the Second Circuit's reasoning and decision in *Solomon v. St. Joseph Hospital, Catholic Health System of Long Island, Inc.*, 62 F.4th 54 (2d Cir. 2023), and the Second Circuit's summary order affirming *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 2023 WL 2926286 (2d Cir. Apr. 13, 2023), this case is *sua sponte* remanded to state court because this Court lacks subject matter jurisdiction.

## DISCUSSION

As argued in similar cases both in this district and across the country, Defendant Concord Nursing Home, Inc. here premised removal on three grounds: (1) that the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (2020) (the "PREP Act"), completely preempts Plaintiff's state law claims; (2) that Defendant is subject to federal regulations, thus bringing Defendant under the federal officer removal statute, 28 U.S.C. § 1442(a)(1); and (3) that Plaintiff's claims "arise under" federal law, pursuant to 28 U.S.C. § 1331 and the *Grable* doctrine. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

These three arguments were squarely rejected by the Second Circuit in *Solomon v. St. Joseph Hospital*:

> We conclude that removal to federal court was improper because the district court lacked jurisdiction to hear the case. First, Solomon's state-law claims are not completely preempted by the PREP Act. Second, there is no

2

> jurisdiction under the federal-officer removal statute because Defendants did not "act under" a federal officer. Finally, Solomon's claims do not "arise under" federal law. We thus vacate the district court's order and remand with directions to remand the case to state court.

*Id.* at 57-58; *see also Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 2023 WL 2926286, at *2-*4 (2d Cir. Apr. 13, 2023) (summary order) (applying *Solomon* to reject defendant's arguments for removal on the same three grounds, and affirming district court's remand to state court for lack of subject matter jurisdiction).

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See, e.g., Warren v. Mariner Fin., LLC*, No. 20-cv-4193, 2021 WL 5232253, at *1, *5 (2d Cir. Nov. 10, 2021) (affirming district court's *sua sponte* remand of a complaint to state court); *see also Kenmore Assocs., L.P. v. Burke,* 367 F. App'x 168, 169 (2d Cir. 2010) (summary order) (citing *Parker v. Della Rocco,* 252 F.3d 663, 666 (2d Cir. 2001) (per curiam) (noting that "§ 1447(c) . . . addresses the *consequences* of a jurisdictional flaw, *i.e.,* **it mandates a remand** rather than a dismissal")) (emphasis added); *Mitskovski v. Buffalo and Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 132 (2d Cir. 2006) (noting the "well-settled doctrine that a court must satisfy itself that it has subject matter jurisdiction and may at

3

any time in the course of litigation consider whether such jurisdiction exists"). Moreover, multiple actions in this district have been remanded to state court following *Solomon*. *See, e.g., Estate of Evelyn Gengenbach v. East Northport Residential Health Care Facility, Inc. et al.*, No. 23-cv-01473 (MKB), Docket No. 9 (E.D.N.Y. Mar. 29, 2023); *Ross-Gill v. Ditmas Park Rehabilitation & Care LLC et al.*, No. 23-cv-01483 (PKC), Mar. 8, 2023 Docket Order (E.D.N.Y. Mar. 8, 2023).

## CONCLUSION

For the foregoing reasons, this case is remanded *sua sponte* to state court because this Court lacks subject matter jurisdiction over the action. The Court's January 12, 2023 Order directing Defendant to Show Cause as to why the action should not be remanded is also thereby VACATED. The Clerk of Court is respectfully directed to remand this entire action to the Supreme Court of New York, Kings County under docket number 510839/2022, and terminate this case.

**SO ORDERED.**

_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:    May 8, 2023
          Brooklyn, New York

4